
<span style="color:red">CORRECTED</span>

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-182V
UNPUBLISHED

| | |
|---|---|
| HILARY HARRIS,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 27, 2023<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On February 20, 2020, Hilary Harris filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration (SIRVA), resulting from adverse effects of an influenza (flu) vaccination she received on October 4, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 27, 2023, Respondent filed a combined Rule 4(c) report and proffer on award of compensation ("Proffer"). On February 27, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. In the Proffer, Respondent

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

indicated that Petitioner should be awarded $125,000.00 for pain and suffering, $1,832.23 for past unreimbursed expenses, and $480.35 to satisfy a State of California Medicaid lien. Proffer at 7-8. Also in the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* at 8. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award Petitioner the following compensation:**

1. **A lump sum payment of $126,832.23, comprised of $125,000.00 for past pain and suffering and $1,832.23 for unreimbursed expenses, in the form of a check payable to Petitioner, Hilary Harris.**

2. **A lump sum payment of $480.35, representing compensation for satisfaction of a State of California Medicaid lien, payable jointly to Petitioner and Department of Health Care Services, and mailed to:**

    Department of Health Care Services
    Recovery Branch - MS 4720
    P.O. Box 997421
    Sacramento, CA 95899-7421

This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<div style="text-align: right;">
**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
</div>

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.